**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TODD MERCER (#526861)** | **CIVIL ACTION** |
| **VERSUS** | |
| **DR. SOONG, ET AL.** | **19-442-SDD-SDJ** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 25, 2020.

**SCOTT D. JOHNSON**
**UNITED STATE MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

TODD MERCER (#526861)                                   CIVIL ACTION

VERSUS

                                                            19-442-SDD-SDJ

DR. SOONG, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on a Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 4(m) on behalf of defendants Soong, Miller, Kent, MacMurdo, Devall, Thurman, and Hickman. The Motion is opposed. *See* R. Doc. 64.

The *pro se* plaintiff, a person confined at the Dixon Correctional Institute ("DCI"), filed this proceeding pursuant to 42 U.S.C. § 1983 against several defendants, alleging that his constitutional rights were violated due to deliberate indifference to his serious medical needs and retaliation.

Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service and should attempt to remedy any defects of which he has knowledge.

On September 19, 2019, summons were issued for Unknown Soong, Ivy Miller, Unknown Kent, Unknown Macmurdo, Unknown Jacobs, Kim Unknown, Unknown Wolf, Unknown Toloso, Unknown Pearce, Unknown Beckham, Unknown Funderburk, Curtis Thurman, James Devall, and Christine Hickman. For reasons unknown to the Court, the aforementioned defendants have not been served, and no action on the part of the United States

Marshal or the plaintiff to effectuate service appears in the record. Accordingly, the defendants' Motion to Dismiss should be granted, and the plaintiff's claims against the non-moving defendants should likewise be dismissed, *sua sponte*, for the same reasons.

## RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss (R. Doc. 60) be granted, and the plaintiff's claims against defendants Soong, Miller, Kent, MacMurdo, Devall, Thurman, and Hickman be dismissed, without prejudice, for failure of the plaintiff to serve the defendants as required by Federal Rule of Civil Procedure 4(m). It is further recommended that the plaintiff's claims against defendants Jacobs, Kim Doe, Wolf, Toloso, Pearce, Beckham, and Funderburk, be dismissed *sua sponte*, without prejudice, for failure of the plaintiff to serve the defendants as required by Federal Rule of Civil Procedure 4(m).

Signed in Baton Rouge, Louisiana, on September 25, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**