**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TODD MERCER (#526861)** | **CIVIL ACTION** |
| **VERSUS** | |
| **DR. SOONG, ET AL.** | **19-442-SDD-SDJ** |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 25, 2020.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TODD MERCER (#526861)**                                   **CIVIL ACTION**

**VERSUS**

                                                           **19-442-SDD-SDJ**

**DR. SOONG, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Motion to Dismiss filed on behalf of defendant Folse (R. Doc. 59). The motion is opposed. *See* R. Doc. 64.

The *pro se* plaintiff, an inmate confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against several defendants, alleging that his constitutional rights were violated due to deliberate indifference to his serious medical needs and retaliation. He prays for monetary and injunctive relief.

The defendant asserts, *inter alia*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

With regards to defendant Folse, the plaintiff alleges in his Complaint, as amended, that on April 29, 2019, he was scheduled to be transferred from DCI to Winnsboro. The transfer did not occur because the plaintiff was placed on suicide watch for 72 hours. On May 2, 2019, the plaintiff was moved to extended lockdown without explanation. The plaintiff believes that he was moved to extended lockdown due to retaliation on the part of Ivy Miller, the head of classification, because his transfer to Winnsboro did not occur. Defendant Folse, who was Miller's "right hand man," would only respond that he needed to speak with Miller when the plaintiff inquired as to why he was placed in extended lockdown.

Defendant Folse asserts that he is entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step

process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendant's motion should be granted. Specifically, the Court concludes that the plaintiff has failed to state a claim against defendant Folse for retaliation or conspiracy.

It is prohibited for prison officials to take action against an inmate in retaliation for the inmate's exercise of his constitutional rights. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995). The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution. *Woods v. Smith, supra*, 60 F.3d at 1166. Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de*

*minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred. *Morris v. Powell, supra*, 449 F.3d at 684. *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Woods v. Smith, supra*, 60 F.3d. at 1166.

The plaintiff's allegations do not allude to any direct evidence of motivation, nor does the plaintiff allege a chronology of events from which retaliation may plausibly be inferred. Rather the plaintiff's claim relies entirely on his belief that he was a victim of retaliation. As such, the plaintiff fails to state a claim for retaliation.

To the extent the plaintiff is asserting that the defendant Folse and Miller conspired to confine him in extended lockdown, mere conclusory allegations of a conspiracy to violate the plaintiff's constitutional rights are not cognizable under § 1983. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986); *Decker v. Dunbar*, 633 F. Supp. 2d 317, 358 (E.D. Tex. 2008).

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over

which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, given the Court's recommendations the plaintiff's state law claims would substantially predominate over the claims over which the district court has original jurisdiction, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss (R. Doc. 59) be granted, dismissing the plaintiff's claims against defendant Folse, with prejudice. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with the plaintiff's potential state law claims, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on September 25, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**